UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2016-CIV-21242-JEM

LUIS BRIAN HERNANDEZ GUERRA and
all others similarly situated under 29 U.S.C.
216(b)

    Plaintiff,
v.

AL-FLEX EXTERMINATORS, INC., and
ALEXANDER E. NAPOLES,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Al-Flex Exterminators, Inc. ("Al-Flex") and Alexander E. Napoles ("Napoles"), pursuant to Fed. R. Civ. P. 12, answer the numbered paragraphs of the Complaint filed by Plaintiff Luis Brian Hernandez Guerra, and present the following defenses:

### "PARTIES, JURISDICTION, AND VENUE"

1. Admitted that this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. Defendants specifically deny that any action has occurred that would entitle Plaintiffs to any relief under those statutes.

2. Defendants are without knowledge sufficient to form a belief as to Plaintiff's allegation in this paragraph, and it therefore deny it.

3. Admitted that Al-Flex regularly transacts business within Miami-Dade County, and that Al-Flex was the employer of Plaintiff during the relevant time period. Otherwise denied.

4.      Admitted that Napoles is a corporate officer and owner of Al-Flex.  The remainder of the allegation is denied.

5.      Admitted.

## "COUNT I – FEDERAL OVERTIME WAGE VIOLATION"

6.      Admitted that his action arises under the laws of the United States and is purported to be brought as a collective action under 29 U.S.C. 216(b).  Defendants specifically deny that any action has occurred that would entitle Plaintiff to any relief under this statute.  The remainder of the allegation is denied.

7.      Admitted.  Defendants specifically deny that any action has occurred that would entitle Plaintiff to any relief under these statutes.

8.      This is a legal conclusion to which no response is required or permitted.  To the extent there is any fact intended to be alleged in this paragraph, it is denied.

9.      Admitted that Plaintiff worked for Al-Flex from on or about April 6, 2015 through the present.  Otherwise denied.

10.     This is a legal conclusion to which no response is required or permitted.  To the extent there is any fact intended to be alleged in this paragraph, it is denied.

11.     This is a legal conclusion to which no response is required or permitted.  To the extent there is any fact intended to be alleged in this paragraph, it is denied, except that Defendant Al-Flex employed two or more employees for the relevant time period.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Denied.

2

Defendants deny that Plaintiff is entitled to any of the other relief requested in the unnumbered "WHEREFORE" clause following Paragraph 15 of Plaintiffs' Complaint.

## GENERAL DENIAL

16. Defendants deny each and every allegation of fact and conclusion of law contained in Plaintiff's Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

## DEFENSES AND AFFIRMATIVE DEFENSES

17. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

18. Alexander E. Napoles is not a proper party-defendant in this case.

19. Alexander E. Napoles is not a covered employer under the FLSA.

20. Plaintiff has been properly compensated for all hours worked.

21. Plaintiff was paid properly for his work, including being paid overtime for all overtime hours worked, in a manner consistent with the FLSA and its implementing regulations.

22. Defendants have at all times engaged in good-faith efforts to comply with applicable law, and with reasonable belief that they were so complying, and any violation by them, if any, was inadvertent and not willful or reckless, and consequently they are not liable for liquidated damages and application of a three-year statute of limitations is not warranted.

23. The damages of Plaintiff are limited by the provisions of the FLSA.

24. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, any recovery Plaintiff may be entitled to as a result of this action must be off-set or reduced by overpayments made by Defendants to Plaintiff and/or by any amounts of compensation and benefits that Plaintiff would not have otherwise received but

for any overtime work or by any amounts of compensation and benefits that Claimant received for projects not performed or not performed properly.

25. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are *de minimis*. Plaintiff's claims are thus barred by the *de minimis* doctrine.

26. Some or all of Plaintiff's claims are barred or limited by the applicable statute of limitations.

27. Plaintiff is not entitled to relief because any alleged acts or omissions by Defendants were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or judicial orders and interpretations with respect to the class of employers to which Defendants belong.

28. Plaintiff may not maintain a suit on behalf of Plaintiff and other similarly-situated individuals because there are not such similarly-situated individuals within the meaning of the FLSA. This case is not appropriate for collective action treatment.

29. Defendants reserve the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendants, Al-Flex Exterminators, Inc. and Alexander E. Napoles respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and reasonable attorney's fees incurred in this action, and provide any such other and further relief as this Court deems just and proper.

Dated this 16th day of June, 2016.

                                                Respectfully submitted,

                                                OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456


s/ Paul De Boe
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Michael R. Tricarico
Florida Bar No. 0937071
Michael.tricarico@ogletreedeakins.com
Paul J. De Boe
Florida Bar Number 52051
paul.deboe@ogletreedeakins.com

*Counsel for Defendants*,
*Al-Flex Exterminators, Inc. and Alexander E.*
*Napoles*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that June 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Paul De Boe
Paul J. De Boe

**SERVICE LIST**

*LUIS BRIAN HERNANDEZ GUERRA V. AL-FLEX EXTERMINATORS, INC. AND ALEXANDER E. NAPOLES*
United States District Court, Southern District of Florida
CASE NO. 2016-CIV-21242-JEM

J.H. Zidell, Esq.
 zabogado@aol.com
K. David Kelly, Esq.
 David.kelly38@rocketmail.com
Rivkah F. Jaff, Esq.
 Rivkah.jaff@gmail.com
Stephen M. Fox, Jr. Esq.
 Stephen.fox.esq.@gmail.com
J.H. ZIDELL P.A.
300 71st St., Ste. 605
Miami Beach, FL 33141
Telephone: 305.865.6766
Facsimile 305.865.7167

*Counsel for Plaintiff Luis Brian Hernandez Guerra*

Method of Service:  *CM/ECF*


Christopher P. Hammon
 chris.hammon@ogletreedeakins.com
Michael R. Tricarico
 Michael.tricarico@ogletreedeakins.com
Paul J. De Boe
 paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendants,*
 *Al-Flex Exterminators, Inc. and Alexander E. Napoles*

24930478.2